UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DANIEL HANIC,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>DOUGLAS WEBER and ATTORNEY GENERAL OF SOUTH DAKOTA,<br><br>　　　　　　Defendants. | CIV. 14-4167-JLV<br><br><br>ORDER |

　　　Petitioner Daniel Hanic, an inmate at the Mike Durfee State Prison, appearing *pro* se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Docket 1).  Mr. Hanic also filed a motion for *in forma pauperis* status. (Docket 2).  Pursuant to the court's standing order of October 16, 2014, and 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Veronica L. Duffy.  Magistrate Judge Duffy filed a report recommending Mr. Hanic's *in forma pauperis* motion be granted and the petition be dismissed. (Docket 5 at pp. 7-8).  Mr. Hanic timely filed his objections to the report and recommendation.  (Docket 8).

　　　The court reviews de novo those portions of the report and recommendation which are the subject of objections.  Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(l).  The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  After careful review of

the record, the court adopts the findings and recommendations of the magistrate judge, grants *in forma pauperis* status to Mr. Hanic and dismisses the petition for a writ of habeas corpus.

The essence of Mr. Hanic's objections are that his petition for habeas corpus relief in Hanic v. Weber, 5:12-5010-JLV, should not be considered a first petition under 28 U.S.C. § 2244 because it was dismissed on procedural defaults and due to his procedural error. (Docket 8). Mr. Hanic's arguments lack merit and are contrary to § 2244. The order of dismissal in Mr. Hanic's 2012 habeas corpus proceeding concluded Mr. Hanic did not file his petition within the one-year limitation period of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). See Hanic, 12-5010-JLV (Docket 22), adopting the report and recommendation of the magistrate judge on the AEDPA statute of limitations issue. (Docket 21). The court dismissed the 2012 petition with prejudice. Id. at Docket 22 at p. 2. The court subsequently denied Mr. Hanic's motion for reconsideration. Id. at Docket 28. Mr. Hanic did not appeal from the court's dismissal of the 2012 petition.

Mr. Hanic's "initial petition . . . 'count[s]' where it has been adjudicated on the merits or dismissed with prejudice." Thai v. United States, 391 F.3d 491, 494 (2d Cir. 2004). "Similarly, when the district court has denied a prior petition because the claim raised was procedurally defaulted, the denial is on the merits, at least for purposes of §§ 2244 . . . ." Id. at 495.

Mr. Hanic designates the current petition as an "appeal" from the state court habeas corpus proceeding. (Docket 1 at p. 2). Mr. Hanic "is a 'person in custody

2

pursuant to the judgment of a State court,' . . . and can only obtain habeas relief through § 2254, no matter how his pleadings are styled." Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001) (quoting 28 U.S.C. § 2254(a)).  Mr. Hanic's 2012 petition challenged the failure of the South Dakota Board of Pardons and Paroles to give him eight years of good time credit, the same allegation alleged in the current petition.  Compare 12-5020 (Docket 1) and Docket 1 in the present proceeding.  To permit Mr. Hanic's current petition to proceed would be an abuse of the writ principles contemplated by the AEDPA.  Crouch, 251 F.3d at 723 (internal citations omitted).  The court finds Mr. Hanic's current petition for habeas corpus relief constitutes a second petition for purposes of 28 U.S.C. § 2244.

      Mr. Hanic argues in the alternative that because he filed an application seeking permission to file a second petition with the United States Court of Appeals for the Eighth Circuit, the court should dismiss the petition without prejudice. (Docket 8 at p. 2).  If the Eighth Circuit permits Mr. Hanic to file a subsequent petition seeking habeas corpus relief, that decision will be independent of the court's resolution of the current petition.

      Having carefully reviewed the record in this case and good cause appearing, it is

      ORDERED that Mr. Hanic's objections to the report and recommendation (Dockets 8) are overruled.

      IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Veronica L. Duffy (Docket 5) is adopted by the court.

IT IS FURTHER ORDERED that Mr. Hanic's *in forma pauperis* motion (Docket 2) is granted.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus (Docket 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court declines to issue a certificate of appealability.   Mr. Hanic may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22.   See Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

Dated May 15, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE